IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| BYRON DONNELLE CLAY, | : |
| Plaintiff, | : |
| v. | : No. 3:25-cv-00121-TES-AGH |
| MS. GAMBLE, *et al.*, | : |
| Defendants. | : |

ORDER

*Pro se* Plaintiff Byron Clay, an inmate in the Walton County Jail in Monroe, Georgia, filed a civil rights complaint brought under 42 U.S.C. § 1983. ECF No. 1. On August 5, 2025, the Court granted Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) and ordered him to pay an initial partial filing fee of $41.67. ECF No. 4. Plaintiff was given fourteen days to pay. *Id*. He was cautioned that failure to pay the fee may result in dismissal. *Id*. Plaintiff did not pay the fee within the time allotted. Instead, Plaintiff requested additional time to pay the fee. ECF No. 5. On August 26, 2025, the Court granted Plaintiff an additional fourteen days. ECF No. 6. Plaintiff once again did not pay the fee. Therefore, on September 18, 2025, the Court ordered Plaintiff to show cause on why this civil action should not be dismissed for his failure to comply with the orders of the Court. ECF No. 7. Plaintiff has responded with another motion for an extension of time in which he alleges that he has not paid the fee in this case because the Walton County Jail refuses to forward the fee payment to the Court. ECF No. 9.

Here, Plaintiff has failed to comply with multiple court orders to pay a partial initial

filing fee. ECF Nos. 4, 6, 7. The authority of courts to impose sanctions for failure to obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–33 (1962); *see also Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citing to Rule 41(b) and holding that "[f]ederal courts possess an inherent power to dismiss a complaint for failure to comply with a court order.") (citations omitted). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link.*, 370 U.S. at 629–30 (1962); *see also McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (holding that a district court "may ... dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases.") (cleaned up). In particular, a district court may dismiss a civil action where a plaintiff fails to pay a court ordered filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002) (per curiam). Though, prior to dismissal, the district court must make an "inquiry into why the fee had not been paid as ordered" to determine whether the fee has not been paid due to "circumstances beyond [the prisoner's] control...." *Id*. at 1321. When a plaintiff's "own statements prove that he did not comply with a court order and that compliance was within his control, no further investigation is needed." *Walker v. Powell*, 351 F. App'x 384, 386 (11th Cir. 2009) (per curiam).

Here, Plaintiff has initiated five civil rights complaints in this Court within two months. *See* ECF No. 1; *Clay v. Stidham*, 3:25-cv-114-TES-AGH (filed July 21,

2025); *Clay v. Cooper*, 3:25-cv-124-TES-AGH (filed Aug. 8, 2025); *Clay v. Minor*, 3:25-cv-127-TES-AGH (filed Aug. 14, 2025); *Clay v. Pressly*, 3:25-cv-144-TES-AGH (filed Sep. 8, 2025). In each, Plaintiff was granted IFP and ordered to pay a partial initial filing fee. *See id*. In two of these cases, Plaintiff filed motions in which he alleged that he could not pay because he no longer receives funds from his family and asked that the Court to waive payment of the partial initial filing fee. *See* ECF No. 5 in *Clay v. Minor*, 3:25-cv-127-TES-AGH; ECF No. 5 in *Clay v. Cooper*, 3:25-cv-124-TES-AGH. Plaintiff provided no documents to support his contention that he had no access to money to pay his fees. However, the Magistrate Judge's review of Plaintiff's account statements from all his civil cases revealed that Plaintiff spent significant funds on discretionary spending rather than paying filing fees that were ordered prior to the filing of subsequent complaints. Thus, Plaintiff's motions to waive the initial filing fees were denied. ECF No. 6 in *Clay v. Minor*, 3:25-cv-127-TES-AGH; ECF No. 6 in *Clay v. Cooper*, 3:25-cv-124-TES-AGH. Now, in contradiction to his previous averments in those civil actions that he does not have money to pay court ordered fees, Plaintiff asserts that his "inmate trust account at the jail currently holds sufficient funds from [his] deposits/ own funds" and that jail officials have refused to pay his court ordered fees although he requested that they do so. ECF No. 9. Plaintiff provides no evidence or documentary support as to his claims that he requested jail officials forward fee payments to the Court. *See id*. More importantly, Plaintiff's allegations that jail officials have made it impossible for him to pay the fee is directly refuted by the fact that he has recently utilized outside sources to pay his filing fee in two

3

of his other civil actions. *See Clay v. Minor*, 3:25-cv-127-TES-AGH ($41.67 fee paid on October 7, 2025 via money order mailed by family friend); *Clay v. Pressly*, 3:25-cv-144-TES-AGH ($35.53 fee paid on Oct. 14, 2025 via money order mailed by family friend).

To be clear, Plaintiff was first ordered to pay a partial initial filing fee on August 5, 2025. ECF No. 4. Plaintiff was warned that failing to obey the Court's order to pay a filing fee may subject his complaint to dismissal. *Id*. at 3. Plaintiff has been given extensions of time (ECF Nos. 6, 7) and been ordered to show cause why is case should not be dismissed for his failure to obey the Court's orders (ECF No. 7). Rather than paying the filing fee when first ordered to do so, Plaintiff then filed three more civil actions in the Middle District of Georgia of which he first attempted to avoid paying a partial initial filing fee, but upon the Court's rebuke, paid the fee in two of these subsequent actions. *See* ECF Nos. 1, 5, and 6 in *Clay v. Cooper*, 3:25-cv-124-TES-AGH (filed Aug. 8, 2025); ECF Nos. 1, 5, and 6 in *Clay v. Minor*, 3:25-cv-127-TES-AGH (filed Aug. 14, 2025, fee paid Oct. 7, 2025); *Clay v. Pressly*, 3:25-cv-144-TES-AGH (filed Sep. 8, 2025, fee paid Oct. 14, 2025)). Therefore, the Court finds that it has been within Plaintiff's control to pay the partial initial filing fee and he has just chosen to disregard the court's orders for this civil action. Accordingly, this civil action is **DISMISSED without prejudice**.[1] *See* Fed. R.

---

[1] When courts dismiss civil actions for failure to pay the initial partial filing fee under 28 U.S.C. § 1915, they typically dismiss the cases without prejudice. However, Plaintiff is advised that *dismissal with prejudice* is permissible when a district court finds (1) a clear record of delay or willful conduct, and (2) lesser sanctions would be inadequate. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citing *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1339 (11th Cir.2005). Plaintiff is placed on notice that many of his filings in his civil actions before this Court are verging on deceitfulness, willful conduct, and bad

4

Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *Walker*, 351 F. App'x 384, 386 (affirming district court dismissal of a prisoner complaint where it was within Plaintiff's control to pay filing fees and to obey court orders and the Plaintiff did not do so). In light of this dismissal, Plaintiff's motion for an extension of time (ECF No. 9) and motion for a Preliminary injunction (ECF No. 10) are **DENIED** as moot.

**SO ORDERED,** this 17th day of October, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

faith. A litigant demonstrates bad faith by needlessly delaying a case and by intentionally disobeying a court order. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009). A litigant also acts in bad faith when he attempts to perpetrate a fraud upon the court. *See Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). Indeed, Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras,* 465 F.3d at 484. Furthermore, a litigant acts in bad faith when he manipulates or spends funds in his prison trust account to ensure that he cannot pay the filing fee. *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 468, 468–69 (S.D.N.Y. 2004). After all, if "every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the *in forma pauperis* review would be a waste of time and effort." *Briand v. State of Fla.*, No. 4:06-cv-104-WS, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006). If the Court should find in the future that Plaintiff has engaged in bad faith or willful conduct, then the Court can dismiss the offending civil action with prejudice and/or as an abuse of the judicial process and therefore malicious under 28 U.S.C. § 1915A(b). *See e.g., Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of prisoner complaint as malicious due to plaintiff's abuse of the judicial process)