# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| BYRON DONNELLE CLAY,  :<br>  :<br>          Plaintiff,  :<br>  :<br>     v.  :<br>  :<br>MS. GAMBLE, *et al.*,  :<br>  :<br>          Defendants.  : | No. 3:25-cv-00121-TES-AGH |

## ORDER

*Pro se* Plaintiff Byron Clay, an inmate in the Walton County Jail in Monroe, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. On October 17, 2025, the Court dismissed this civil action for Plaintiff's failure to obey the Court's orders. ECF No. 11. Now pending before the Court is Plaintiff's motion for reconsideration of that dismissal under Rule 60 of the Federal Rules of Civil Procedure. ECF No. 18. Fed. R. Civ. P. 60(b) states that:

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Plaintiff relies upon a "workflow interaction" attached to his motion as "newly discovered evidence" under Rule 60(b).  ECF No. 18.  Plaintiff argues that this evidence demonstrates that he was unable to pay a partial initial filing fee of $41.67 in this case because of the actions of a Walton County jail administrator.  *See id*.  Plaintiff requests that this Court reopen this matter "so the merits can be considered."  *Id*. at 2.

District courts have the authority under Rule 60(e) to "relieve a party … from a final judgment, order, or proceeding… [for] any … reason that justifies relief."  Fed. R. Civ. P. 60(e).  Accordingly, Plaintiff's motion for reconsideration (ECF No. 18) is **GRANTED** pursuant to Fed. R. Civ. P. 60(e) and the Court **VACATES** its prior Dismissal Order (ECF No. 11) and Judgment (ECF No. 13) to now review Plaintiff's newly discovered evidence and reconsider its dismissal for failure to obey the orders of the court.  The Court will also consider the merits of Plaintiff's complaint as he requests.

**RECONSIDERATION OF THE ORDER TO DISMISS FOR FAILURE TO OBEY COURT ORDERS**

I. <u>Procedural History</u>

Plaintiff was first ordered to pay the filing fee on August 5, 2025 and was notified he had fourteen days to do so.  ECF No.  4.  On August 22, 2025, Plaintiff requested an extension of time to pay the fee stating that although he has funds in his jail account to pay the fee, he cannot transmit them until some unnamed "responsible official returns" from

2

some unnamed event on some unspecified date. ECF No. 5 at 2. Although Plaintiff's motion for an extension of time was vague and confusing, his request was granted on August 26, 2025 and he was given another deadline of fourteen days to pay the fee. ECF No. 6. Plaintiff again did not pay the fee. Instead, Plaintiff filed motions in two of his other pending cases averring that he did not have family support to pay the court ordered fees in those cases.[1] *See* ECF No. 5 in *Clay v. Minor*, 3:25-cv-127-TES-AGH (filed Sep. 8, 2025); ECF No. 5 in *Clay v. Cooper*, 3:25-cv-124-TES-AGH (filed Sep. 11, 2025). Plaintiff's motions to waive the initial filing fees were denied after the Magistrate Judge found that Plaintiff had spent significant funds on discretionary items rather than paying his court ordered fees. ECF No. 6 in *Clay v. Minor*, 3:25-cv-127-TES-AGH; ECF No. 6 in *Clay v. Cooper*, 3:25-cv-124-TES-AGH. In the present civil action, Plaintiff was ordered on September 18, 2025 to show cause why his civil action should not be dismissed for his failure to obey the court's orders and he was provided yet another fourteen days to pay the fee. ECF No. 7. Plaintiff's partial initial filing fees were then paid by sources independent of the Walton County Jail in two of his other pending civil actions. *See* ECF No. 18 at 2; *Clay v. Minor*, 3:25-cv-127-TES-AGH ($41.67 fee paid on October 7, 2025 via money order by family friend/ fiancé); *Clay v. Pressly*, 3:25-cv-144-TES-AGH ($35.53

---

[1] Within five months, Plaintiff has filed seven § 1983 complaints in this Court. *Clay v. Stidham*, 3:25-cv-114-TES-AGH (filed July 21, 2025); *Clay v. Gamble*, 3:25-cv-121-TES-AGH (filed July 31, 2025); *Clay v. Cooper*, 3:25-cv-124-TES-AGH (filed Aug. 8, 2025); *Clay v. Minor*, 3:25-cv-127-TES-AGH (filed Aug. 14, 2025); *Clay v. Pressly*, 3:25-cv-144-TES-AGH (filed Sep. 8, 2025); *Clay v. Batts*, 3:25-cv-167-TES-CHW (filed Oct. 20, 2025); *Clay v. Mendez*, 3:25-cv-196-TES-AGH (filed Dec. 11, 2025).

fee paid on Oct. 14, 2025 via money order by family friend/ fiancé). On October 17, 2025, this Court found that Plaintiff had failed to comply with the Court's order to pay the filing fee in this case and dismissed his complaint without prejudice. ECF No. 11.

II.     Analysis

The Court has now thoroughly reviewed the procedural history of this case and Plaintiff's motion for reconsideration (ECF No. 18) including his newly discovered evidence entitled "workflow interaction" (ECF No. 18-2).

Of initial concern to the Court is that Plaintiff has made past averments to the Court that he lacks funds in his jail account to pay filing fees and "the family support Plaintiff relied on has stopped because Plaintiff's family currently has no job or income." ECF No. 5 in *Clay v. Minor*, 3:25-cv-127-TES-AGH (filed Sep. 8, 2025); ECF No. 5 in *Clay v. Cooper*, 3:25-cv-124-TES-AGH (filed Sep. 11, 2025). However, after these averments, he filed two more federal lawsuits that included certified account statements showing that Plaintiff indeed carried positive balances in his inmate account and continued to receive deposits into that account. *See* ECF No. 2-1 in *Clay v. Batts*, 3:25-cv-167-TES-CHW (showing $111.53 on hand and average monthly deposits of $189.86 as of October 7, 2025); ECF No. 2-1 in *Clay v. Mendez*, 3:25-cv-196-TES-AGH (showing average monthly deposits of $179.57 as of Dec. 4, 2025). Plaintiff's documents in this case also reveal that sometime before October 10, 2025, his fiancé "put [$] 300 on [his] books". ECF No. 18-3. Plaintiff has paid a total of $115.17 in partial initial filing fees in his other civil actions via money orders from his family and/or fiancé independent of the deposits into this inmate

4

account. *Clay v. Minor*, 3:25-cv-127-TES-CHW ($41.67 paid on Oct. 7, 2025); *Clay v. Pressly*, 3:25-cv-144-TES-AGH ($35.53 paid on Oct. 14, 2025); *Clay v. Batts*, 3:25-cv-167-TES-CHW ($37.97 paid on Nov. 20, 2025). Therefore, Plaintiff's prior representations to the Court that he had no financial ability to pay filing fees nor family support are disingenuous, at best, and at their worst, an attempted fraud upon the Court and abuse of the judicial process. *See e.g., Daker v. Dozier*, Civil Action No. 6:17-cv-110, 2017 WL 4448234, at *7 n.5 (S.D. Ga. Oct. 5, 2017) (noting that "that [Plaintiff] is attempting to understate his assets in order to shirk his obligation to pay the full filing fee"); *Dawson v. Lennon*, 797 F.2d 934, 935 (11th Cir. 1986) (noting the Eleventh Circuit had previously "upheld dismissal of a § 1983 claim of a prisoner who professed to have no money in his prison accounts, which in fact contained thirty cents, and who had a history of manipulating his accounts to support claims of indigency") (citing *Collier v. Reigio,* 760 F.2d 279 (11th Cir.1985)); *Mitchell v. Nobles*, 873 F.3d 869, 875 (11th Cir. 2017) (Rule 11 of the Federal Rules of Civil Procedure plainly "authorizes the district court to sanction a party who files a pleading containing a false factual representation if that party knew of, or did not reasonably inquiry into, the falsehood."); *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam) (noting that even if plaintiff "believed the information [in his affidavit] truthful at the time of filing . . . Rule 11 require[d the plaintiff] to make reasonable inquiries into the veracity of the information filed before the court and to advise the court of any changes"); *Daker v. Owens*, No. 21-13169, 2023 WL 8254348, at *3 (11th Cir. Nov. 29, 2023) (affirming district court dismissal of prisoner case as a sanction for plaintiff

5

misleading court as to his ability to utilize outside sources to pay filing fees).

Now turning specifically to the record in this case, Plaintiff verifies that he received the orders of the Court and understood that he needed to pay a fee. ECF No. 18-1 at 1, 5; ECF 18-2. Upon receiving the Court's orders, Plaintiff discussed with his family/fiancé how much he owed in filing fees and he was given money to pay these fees that Plaintiff opted to have placed in his jail account rather than paid directly to the Court. ECF No. 18 at 1, 2, 6, 7. Although the Court first ordered Plaintiff to pay a partial initial filing fee on August 5, 2025 (ECF No. 4) and provided him with fourteen days to do so, Plaintiff waited seven weeks until September 24, 2025 to put in a written request to jail administrators to forward the fee to the Court out of his inmate account (ECF Nos. 9, 18-2, 18-4). This was more than two weeks after the deadline of September 9, 2025, that the court graciously granted him through an extension of time (ECF No. 6). On September 27, 2025, Plaintiff misrepresented to jail personnel that he had a twenty-one day extension granted in this case to pay the fee when no such extension had been granted. ECF No. 18-2 at 5. Although jail administration was confused as to whether Plaintiff needed to pay the partial initial filing fee or whether they should deduct twenty percent from his account toward the full filing fee, Plaintiff's family confirmed to the Plaintiff on October 3, 2025, that he still needed to initially pay the $41.67 partial filing fee in this case. ECF No. 18-3 at 1. Lastly, as late as October 10, 2025, Plaintiff was aware this case had not yet been dismissed although he missed all deadlines to pay and that he still could pay the partial initial filing fee. ECF Nos. 10, 12, 18. In total, Plaintiff was provided more than seventy days to pay the filing

fee from the time he was first ordered to pay the initial partial filing fee on August 5, 2025 (ECF No. 4) until the time that the Court finally dismissed this action on October 17, 2025 (ECF No. 11).

III.    Conclusion

Although the correspondences in the "workflow interaction" between Plaintiff and jail personnel could have led to confusion as to payment of partial filing fees in this civil action for an inmate isolated from communication with the Court and family, that is not the situation in this case. Plaintiff received the Court's orders via mail and knew in early August 2025 that he had to timely pay a partial initial filing fee in this case or the case would be dismissed. Plaintiff utilized his family support system to receive clarification directly from the clerks of this court and independent of anything he was told by jail administrators to clarify the status of the partial initial filing fee in this case and the deadlines to pay it. And finally, Plaintiff had the ability to directly pay his partial initial filing fee through his family support system without having to request that the fee be forwarded from his jail account. However, rather than paying the fee in this case directly to the Court through family as he had done in two of his other pending cases, he has instead opted to air disingenuous gripes that jail administrators caused him not to timely paying the fee in this case. ECF Nos. 9, 12, and 18; *Clay v. Batts*, 3:25-cv-167-TES-CHW (complaint signed by Plaintiff on October 15, 2025).

Therefore, the Court finds that Plaintiff had the ability to pay the partial initial filing fee in this case through family and his fiancé just as he has done in other civil actions and

he just opted to disregard the court's orders to pay the fee for this civil action. *Walker v. Powell*, 351 F. App'x 384, 386 (11th Cir. 2009) (per curiam) (affirming district court dismissal of a prisoner complaint where it was within Plaintiff's control to pay filing fees and to obey court orders and the Plaintiff did not do so). The Court further finds that Plaintiff has demonstrated bad faith by falsely averring to the Court that he had no funds or family support to pay fees for his federal lawsuits and that he was completely reliant on jail administration to forward payment of the fees from his inmate trust account. *See Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006) (Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court."); *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (finding that a litigant acts in bad faith when he attempts to perpetrate a fraud upon the court). The Court further finds that Plaintiff demonstrated bad faith and needlessly delayed the movement of this case by waiting until well beyond the deadlines set by this Court to request that jail administrators and/or his outside support system pay the partial filing fee. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) (finding that a litigant demonstrates bad faith by needlessly delaying a case and by intentionally disobeying a court order).

Accordingly, this civil action is **DISMISSED without prejudice** due to Plaintiff failing to obey orders of this Court to timely pay a statutorily required partial initial filing fee.[2] *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802

---

[2] Plaintiff is advised that the Court could have dismissed this civil action with prejudice

(11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002) (per curiam) (holding that a district court may dismiss a civil action where a plaintiff fails to pay a court ordered filing fee).

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

### I. Standard of Review

The Prison Litigation Reform Act directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner

---

due to Plaintiff's conduct. *See Zocaras*, 465 F.3d at 483 (citing *Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1339 (11th Cir.2005) (finding that dismissal with prejudice is permissible when a district court finds (1) a clear record of delay or willful conduct, and (2) lesser sanctions would be inadequate). Plaintiff is placed on notice that should he demonstrate bad faith or deceitfulness in any other civil action before this Court then sanctions may be imposed. These sanctions can include but are not limited to dismissals for abuse of the judicial process or a monetary penalty or a prohibition against future *pro se* filings pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See e.g., Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of prisoner complaint as malicious due to plaintiff's abuse of the judicial process); ECF No. 5 in *Allen v. Wheeler*, 5:25-cv-00213-TES-CHW (M.D.Ga June 4, 2025) (restricting future filings by an abusive litigant for a period of one year).

complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or

omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

   II.   Plaintiff's Allegations

Plaintiff's claims arise from his incarceration at the Walton County Jail. ECF No. 1 at 6. Plaintiff states that on June 10, 2025, he contacted mental health through a kiosk using his cellmate's information to notify them that his cellmate was suicidal. *Id*. Later that evening, the cellmate was removed from the cell and placed on suicide watch. *Id*. Plaintiff complains that on June 11, 2025, he was told that he was being placed on suicide watch and he was then put "in the pad cell against [his] will due to mental health provider Ms. Gamble." *Id*. On June 12, 2025, Plaintiff spoke with Defendant Gamble who explained that since Plaintiff was the one who used the kiosk to report suicide threats and because she found his cellmate not to be suicidal then she believed Plaintiff was possibly suicidal so she placed him in the "pad cell". *Id*. Plaintiff claims this "was against S.O.P." and violated his constitutional rights. *Id*. Plaintiff seeks a million dollars in damages as

well as declaratory and injunctive relief. *Id*. at 7.

> I. <u>Plaintiff's Claims</u>
>
> A. <u>Claims against Defendants Correct Health, Walton County Sheriff's Office, and the Walton County Jail</u>

Plaintiff names Correct Health, the Walton County Sheriff's Office, and the Walton County Jail as Defendants. *Id*. at 1, 4. However, Plaintiff does not provide any allegations within his statement of claim that links these Defendants to any constitutional violation. *See* ECF No. 1 at 6-7. A district court properly dismisses a complaint when the plaintiff, other than naming a defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

Furthermore, as to Defendants Walton County Sheriff's Office and Walton County Jail, federal courts have long recognized that sheriff's departments, county detention facilities, and police departments are not legal entities subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (advising that

"sheriff's departments and police departments are not usually considered legal entities subject to suit . . . ."); *Bunyon v. Burke County*, 285 F. Supp.2d 1310, 1328 (S. D. Ga. 2003) (dismissing claim against police department, reasoning that it was not a legal entity subject to suit); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N. D. Ga. 1984) (concluding that the City of Atlanta Police Department is not a proper defendant because it is "merely the vehicle through which the City government fulfills its policing function"). Thus, Plaintiff's claims against the Walton County Sheriff's Office and Walton County Jail must be dismissed because they are not entities subject to suit in a 42 U.S.C. § 1983 action.

Lastly, in naming his Defendants, Plaintiff states that Correct Health is the "health care provider" under which Defendant Gamble provides services. ECF No. 1 at 4 and 5. The Court can only surmise that Plaintiff is attempting to hold Defendant Correct Health vicariously liable for the actions of Defendant Gamble. However, it is well-settled in the Eleventh Circuit that supervisory officials cannot be held liable under § 1983 solely on the basis of *respondeat superior* or vicarious liability. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."). Instead, to establish liability against a supervisor, a prisoner must allege facts showing a causal connection between the supervisory defendants' actions and an alleged constitutional violation such as the supervisor personally participated in the alleged constitutional violation, directed

13

their subordinates to act unlawfully, or knew their subordinates would act unlawfully but the supervisor failed to stop them. *Keating*, 598 F.3d at 762. Here, Plaintiff has made no showing of a causal connection between a constitutional violation and any action of Correct Health. *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (rejecting claim where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation).

For the foregoing reasons, Plaintiff's claims against Defendants Correct Health, Walton County Sheriff's Office, and Walton County Jail are **DISMISSED without prejudice** for failure to state a claim.

### B. Claims against Defendant Gamble

*Violation of Standard Operating Procedures Claim*

Plaintiff complains that Defendant Gamble's decision to place him in "the pad cell was against "S.O.P." ECF No. 1 at 6. 7. However, "[i]n a § 1983 action, a federal court considers whether a constitutional right has been infringed, not whether bureaucratic procedures have been violated." *Jones v. Schofield*, No. 1:08-CV-7 WLS, 2009 WL 902154, at 3 (M.D. Ga. Mar. 30, 2009) (*citing Rineholtz. v. Campbell* 64 F.Supp.2d 721, 731 (W.D.Tn.1999). "Prison regulations and Standard Operating Procedures do not confer federal rights to prisoners that may be enforced or redressed in a § 1983 action." *Id.*; *see also Sandin v. Conner*, 515 U.S. 472, 481–82 (1995) (finding that jail and prison regulations are "primarily designed to guide correctional officials in the administration of a prison ... [and are] not designed to confer rights on inmates" that would create liberty

14

interests protected by the Due Process clause of the Constitution.); *Morrall v. Warden*, 859 F. App'x 883, 884 (11th Cir. 2021) (citing *Sandin*, 515 U.S. at 481–82) (holding that prisoners have no constitutional liberty interests "in the mandatory language of prison rules and regulations." (internal quotation marks omitted)). Accordingly, any constitutional claim raised by Plaintiff based solely in Defendant Gamble violating jail policies or standard operating procedures is subject to dismissal.

*Unconstitutional Condition of Confinement Claim*

"Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause." *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996); *see also Jacoby v. Baldwin County*, 835 F.3d 1338, 1344 (11th Cir. 2016). However, "the standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments."). *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1024 n. 5 (11th Cir. 2001) (en banc), *abrogated on other grounds by Twombly*, 550 U.S. at 561–63; *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1574 (11th Cir. 1985) ("[I]n regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons."); *Christmas v. Nabors*, 76 F.4th 1320, 1330-31 (11th Cir. 2023) (explaining pretrial detainee must satisfy Eighth Amendment standard to prevail on claim under Fourteenth Amendment).

While "the Due Process Clause forbids punishment of a person awaiting trial but

not yet adjudged guilty of any crime," *Hamm*, 774 F.2d at 1572 (citation omitted), "the fact that [pretrial] detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (*quoting Bell v. Wolfish*, 441 U.S. 520, 537 (1978)). Simply put, the Constitution does not mandate comfortable prisons or jails. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Bennet v. Chitwood*, 519 F. App'x 569, 574 (11th Cir. 2013) ("Merely showing that prison conditions are uncomfortable is not enough" to establish an unconstitutional conditions of confinement claim). To state an unconstitutional conditions of confinement claim, a plaintiff must satisfy both an objective and subjective component. *Christmas*, 76 F.4th at 1331. For the objective component, an inmate must first allege that the deprivations he suffers are "'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities.'" *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). This standard is only met when the challenged conditions present "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotation marks omitted), or if society "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *Helling v. McKinney*, 509 U.S. 25, 36 (1993). To meet the subjective standard in a jail or prison conditions case, a plaintiff must show that the prison official acted with deliberate

16

indifference to a serious risk of harm to the prisoner. *Thomas*, 614 F.3d at 1304; *Christmas*, 76 F.4th at 1331. To establish deliberate indifference, a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade*, 106 F.4th at 1255 (citations omitted). Subjective awareness requires that the defendant "'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007) (quoting *Farmer*, 511 U.S. at 837). To establish that a particular "defendant acted with 'subjective recklessness as used in the criminal law'" the plaintiff's allegations must establish "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1255 (quoting *Farmer*, 511 U.S. at 839). "Furthermore, the official may escape liability for known risks 'if [he] responded reasonably to the risk, even if the harm ultimately was not averted.'" *Chandler*, 379 F.3d at 1290 (quoting *Farmer*, 511 U.S. at 844); *Wade*, 106 F.4th at 1255 (citations omitted) (alteration in original) (stating that "in any event, a defendant who 'respond[s] reasonably' to a risk, even a known risk, 'cannot be found liable' under the Eighth Amendment")

In this case, Plaintiff's allegations do not satisfy the objective nor the subjective component of a conditions of confinement claim. As to the objective component, while being placed in a "pad cell" may have been unpleasant to the Plaintiff, his temporary confinement in a "pad cell" does not indicate the sort of extreme deprivation or serious risk

to a prisoner's health or safety that satisfies a conditions of confinement claim. *See Quintanilla v. Bryson*, 730 F. App'x 738, 746 (11th Cir. 2018) ("Under current precedent, 'administrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment.'") (quoting *Shelley v. Dugger*, 833 F.2d 1420, 1428–29 (11th Cir. 1987)); *Moore v. Hunter*, 847 F. App'x 694, 695 (11th Cir. 2021) (finding that inmates placed on suicide watch are often housed in administrative segregation in stripped down cells). In fact, it has been repeatedly held that short periods of confinement in a bare cell where the conditions are much worse than Plaintiff alleges in his present complaint do not violate the Constitution. *See McMahon v. Beard,* 583 F.2d 172, 175 (5th Cir.1978) (no constitutional violation when a suicidal pretrial detainee was placed in a "strip cell" for 90 days without clothing, a mattress, sheets, or blankets);[3] *Fischer v. Ellegood*, 238 F. Appx. 428, 433 (11th Cir. 2007) (requiring an inmate to sleep on the "bare cement floor" without a mattress for five days does not amount to an Eighth Amendment violation); *Turner v. Warden, GDCP*, 650 F. App'x 695, 701 (11th Cir. 2016) (prisoner failed to show that being left in strip cell with no property and in a paper gown for ten days without food for a 24-hour period created an unreasonable risk of harm to his health or safety); *O'Connor v. Kelley,* 644 F. App'x 928, 932 (11th Cir. 2016) (holding prisoner failed to state the conditions of his confinement were cruel and unusual where prisoner alleged that he "suffered pain, swelling, itching, numbness in his feet and legs

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

(including where a bullet was lodged in his leg), stomach pain, and headaches" from being placed in a cold suicide prevention cell for weeks).

Plaintiff has further failed to satisfy the subjective component of his conditions of confinement claim. Defendant Gamble, a mental health provider, determined that Plaintiff had made a report about suicidal ideations on a jail kiosk and as a precaution, placed Plaintiff on suicide watch in a segregated cell.[4] Defendant Gamble's determination that Plaintiff needed to be temporarily placed in a padded cell is in no way indicative that she acted with the subjective recklessness necessary to show deliberate indifference to any imaginable risk of harm but instead demonstrates that she took cautionary measures to prevent an inmate from possibly harming himself. *See Wade*, 106 F.4th at 1255.

For the reasons set forth, Plaintiff's claims against Defendant Gamble are **DISMISSED without prejudice** for failure to state a claim.

## CONCLUSION

This Court **GRANTS** Plaintiff's motion for reconsideration (ECF No. 18) pursuant to Fed. R. Civ. P. 60(e) and **VACATES** its prior Dismissal Order (ECF No. 11) and Judgment (ECF No. 13). Upon review of the complete record in this case including Plaintiff's newly discovered evidence (ECF No. 18), the Court finds that Plaintiff could have paid the filing fee in this case as ordered but simply did not do so. Therefore, Plaintiff's complaint is **DISMISSED without prejudice** for his failure to obey the orders

---

[4] Indeed, Plaintiff himself in his most recent lawsuit filed with this Court claims he has mental health conditions including mood disorder, depression, and anxiety. *See* ECF No. 1 at 11-12 in *Clay v. Mendez*, Case No. 3:25-cv-196-TES-AGH (filed Dec. 11, 2025).

of the Court. Furthermore, for the reasons set forth above, Plaintiff's complaint is also **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**SO ORDERED**, this 23rd day of December, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
